AO 245D-CAED(Rev. 11/2016) Sheet 1 - Judgment in a Criminal Case for Revocation

# UNITED STATES DISTRICT COURT
## Eastern District of California

UNITED STATES OF AMERICA

v.

**RAY WILLIAM URIBE**

**JUDGMENT IN A CRIMINAL CASE**
(For **Revocation** of Probation or Supervised Release)

Criminal Number: **1:13CR00426-001**

Defendant's Attorney: Eric Vincent Kersten, Assistant Federal Defender

**THE DEFENDANT:**

[✔]   admitted guilt to violation of charge(s)   1, 2, 3, 4, and 5   as alleged in the violation petition filed on   12/9/2016   .

[ ]   was found in violation of condition(s) of supervision as to charge(s) ___ after denial of guilt, as alleged in the violation petition filed on ___.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| Charge 1 | UNLAWFUL USE OF A CONTROLLED SUBSTANCE | August 23, 2016 and September 13, 2016 |
| Charge 2 | FAILURE TO PARTICIPATE IN DRUG TESTING AS DIRECTED | September 10, 21, and 27, 2016; October 8, 2016; and on November 1 and 16, 2016 |
| Charge 3 | NEW LAW VIOLATION | October 23, 2016 |
| Charge 4 | FAILURE TO NOTIFY OF LAW ENFORCEMENT CONTACT | November 25, 2016 |
| Charge 5 | ASSOCIATION WITH PROHIBITED PERSON(S) | November 25, 2016 |

The court: [✔] revokes:   [ ] modifies:   [ ] continues under same conditions of supervision heretofore ordered on   9/29/2014   .

The defendant is sentenced as provided in pages 2 through   5   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   Charge(s) ___ is/are dismissed. APPEAL RIGHTS GIVEN.

**Any previously imposed criminal monetary penalties that remain unpaid shall remain in effect.**

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

*2/6/2017*
_____
Date of Imposition of Sentence

/s/ Lawrence J. O'Neill
_____
Signature of Judicial Officer

**Lawrence J. O'Neill**, United States District Judge
_____
Name & Title of Judicial Officer

2/9/2017
_____
Date

AO 245-CAED(Rev. 11/2016) Sheet 2 - Imprisonment

DEFENDANT:**RAY WILLIAM URIBE**
CASE NUMBER:**1:13CR00426-001**

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
<u>8 Months</u>.

[ ]   No TSR: Defendant shall cooperate in the collection of DNA.

[✓]   The court makes the following recommendations to the Bureau of Prisons:
        The Court recommends that the defendant be incarcerated at Mendota, CA or in a California facility, but only insofar as this
        accords with security classification and space availability.

[✓]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district
        [ ]   at ____ on ____.
        [ ]   as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
        [ ]   before ____ on ____.
        [ ]   as notified by the United States Marshal.
        [ ]   as notified by the Probation or Pretrial Services Officer.
        If no such institution has been designated, to the United States Marshal for this district.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

  Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


                                            _____

                                            United States Marshal


                                            _____

                                            By Deputy United States Marshal

AO 245-CAED(Rev. 11/2016) Sheet 3 - Supervised Release

DEFENDANT:**RAY WILLIAM URIBE**　　　　　　　　　　　　　　　　　　　　　　　　Page 3 of 5
CASE NUMBER:**1:13CR00426-001**

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :
<u>28 Months</u>.

# MANDATORY CONDITIONS

You must not commit another federal, state or local crime.
You must not unlawfully possess a controlled substance.
You must refrain from any unlawful use of controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two (2) periodic drug tests thereafter, not to exceed four (4) drug tests per month.

[ ]　The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.

[✔]　You must cooperate in the collection of DNA as directed by the probation officer.

[ ]　You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.

[ ]　You must participate in an approved program for domestic violence.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245-CAED(Rev. 11/2016) Sheet 3 - Supervised Release

DEFENDANT:**RAY WILLIAM URIBE**
CASE NUMBER:**1:13CR00426-001**

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2.  After initially reporting to the probation office, you will receive instructions from the Court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the Court or the probation officer.

4.  You must answer truthfully the questions asked by the probation officer.

5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the Court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

AO 245-CAED(Rev. 11/2016) Sheet 3 - Supervised Release

DEFENDANT:**RAY WILLIAM URIBE**
CASE NUMBER:**1:13CR00426-001**

# SPECIAL CONDITIONS OF SUPERVISION

1.    The defendant shall not dispose of or otherwise dissipate any of his assets until the fine and/or restitution ordered by this Judgment is paid in full, unless the defendant obtains approval of the Court or the probation officer.

2.    The defendant shall provide the probation officer with access to any requested financial information.

3.    The defendant shall not open additional lines of credit without the approval of the probation officer.

4.    As directed by the probation officer, the defendant shall participate in an outpatient correctional treatment program to obtain assistance for drug or alcohol abuse.

5.    As directed by the probation officer, the defendant shall participate in a program of testing (i.e. breath, urine, sweat patch, etc.) to determine if he has reverted to the use of drugs or alcohol.

6.    The defendant shall abstain from the use of alcoholic beverages and shall not frequent those places where alcohol is the chief item of sale.

7.    As directed by the probation officer, the defendant shall complete up to 20 hours of unpaid community service per week until employed for at least 30 hours per week or participating in a previously approved educational or vocational program.

8.    As directed by the probation officer, the defendant shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the United States Probation Office of up to $25 per month.

9.    The defendant shall submit to the search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer in the lawful discharge of the officer's supervision functions with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

10.   The defendant shall consent to the probation officer and/or probation service representative conducting periodic unannounced examinations of (a) any computer, or (b) computer-related device, or (c) equipment that has an internal or external modem which is in the possession or control of the defendant. The defendant consents to retrieval and copying of all data from any such computer, computer-related device, or equipment as well as any internal or external peripherals to ensure compliance with conditions. The defendant consents to removal of such computer, computer-related device, and equipment for purposes of conducting a more thorough inspection and analysis.

The defendant consents to having installed on any computer, computer-related device, and equipment, at the defendant's expense, any hardware or software systems to monitor the use of such computer, computer-related device, and equipment at the direction of the probation officer, and agrees not to tamper with such hardware or software and not install or use any software programs designated to hide, alter, or delete his computer activities. The defendant consents to not installing new hardware without the prior approval of the probation officer.

11.   The defendant shall provide all requested business/personal phone records to the probation officer. The defendant shall disclose to the probation officer any existing contracts with telephone line/cable service providers. The defendant shall provide the probation officer with written authorization to request a record of all outgoing or incoming phone calls from any service provider.

12.   The defendant shall participate in a cognitive behavioral treatment program as directed by the probation officer.

13.   The defendant shall not associate with any known gang member of the Olivo Bulldogs street gang or any other known member of a criminal street gang, as directed by the probation officer.

14.   The defendant shall not associate with Anthony Martinez, as directed by the probation officer.